# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RIKEA FARROW, | ) |
| Plaintiff, | ) NO. 2:16-CV-01360 |
| v. | ) District Judge Arthur J. Schwab |
| PA DEPARTMENT OF EDUCATION, | ) Magistrate Judge Lisa Pupo Lenihan |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that Plaintiff's Complaint, which was commenced in forma pauperis, be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B), as frivolous, for failure to state a claim upon which relief may be granted, and because it seeks monetary relief against a defendant who is immune from such relief.

### II. REPORT

#### A. Plaintiff's Claims

Rikea Farrow ("Plaintiff"), proceeding pro se, filed this action alleging the Pennsylvania Department of Education ("Defendant") has denied Plaintiff the ability to enroll in a postsecondary, junior college in Allegheny County due to an alleged outstanding debt the Defendant is owed. According to Plaintiff's Complaint, the Defendant is continuing to bar Plaintiff from enrolling in a community college until this debt is repaid. Plaintiff alleges she attempted to contact the Defendant numerous times, but to no avail. This has resulted in Plaintiff

suffering emotional and financial distress as she is forced to attend community college outside Allegheny County. Plaintiff seeks damages in the amount of $30,000, consisting of: $5,000 for the cost of school, courses, and books; $5,000 in travel expenses; and $20,000 in emotional distress.

Plaintiff avers the Court has federal question jurisdiction over this matter pursuant to 42 U.S.C. § 1983, which enables individuals to file a civil action for the deprivation of constitutional and federal statutory rights by persons acting under color of law.

### B. <u>Legal Standards</u>

The court must liberally construe the factual allegations of Plaintiff's Complaint because pro se pleadings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (internal quotation omitted); *Haines v. Kerner,* 404 U.S. 519, 520 (1972). In addition, the court should "'apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name.'" *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veterans Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999)).

This Court must review Plaintiff's Complaint in accordance with the amendments promulgated in the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). Although Plaintiff's claims do not appear to arise from an incarceration, the amendments to the PLRA codified as 28 U.S.C. § 1915 apply to non-incarcerated individuals who have been granted in forma pauperis ("IFP") status. *See Powell v. Hoover*, 956 F. Supp. 564, 566 (M.D. Pa. 1997) (holding that federal in forma pauperis statute is not limited to prisoner suits); *Floyd v. United States Postal Serv.*, 105 F.3d 274, 276 (6th Cir. 1997) (holding that non-prisoners have

the option to proceed in forma pauperis), *superseded on other grounds by Callihan v. Schneider*, 178 F.3d 800 (6th Cir. 1997). Pursuant to 28 U.S.C. § 1915(a), Plaintiff is eligible for and has been granted leave to proceed in forma pauperis. Thus her allegations must be reviewed in accordance with the directives provided in 28 U.S.C. § 1915(e).

Pertinent to the case at bar is the authority granted to federal courts for the sua sponte dismissal of claims in IFP proceedings. Specifically, § 1915(e), as amended, requires the federal courts to review complaints filed by persons who are proceeding in forma pauperis and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hawkins v. Coleman Hall, C.C.F.*, 453 F. App'x 208, 210 (3d Cir. 2011) ("An appeal is frivolous when it lacks an arguable basis either in law or fact.") (citing *Neitzke,* 490 U.S. at 325). Thus, under § 1915(e)(2)(B), courts are "authorized to dismiss a claim as frivolous where 'it is based on an indisputable meritless legal theory or where the factual contentions are clearly baseless.'" *O'Neal v. Remus*, No. 09-14661, 2010 WL 1463011, at *1 (E.D. Mich. Mar. 17, 2010) (quoting *Price v. Heyrman*, No. 06-C-632, 2007 WL 188971, at *1 (E.D. Wis. Jan. 22, 2007) (citing *Neitzke*, 490 U.S. at 327)).

A complaint must be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6)[1] if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556 (2007) (rejecting the traditional 12(b)(6) standard set forth in

---

[1] In reviewing complaints under 28 U.S.C. § 1915(e), a federal court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *D'Agostino v. CECOM RDEC*, 436 F. App'x 70, 72 (3d Cir. 2011) (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)).

*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. *Angelastro v. Prudential-Bache Sec., Inc.*, 764 F.2d 939, 944 (3d Cir. 1985). "To the extent that a complaint filed *in forma pauperis* which fails to state a claim lacks even an arguable basis in law, Rule 12(b)(6) and § 1915(d) both counsel dismissal." *Neitzke*, 490 U.S. at 328 (footnote omitted).

### C. <u>Discussion</u>

The Eleventh Amendment bars civil rights suits against a State in federal court by private parties where the State has not consented to such action. *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). The Supreme Court of the United States has consistently held that an un-consenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *Employees v. Dep't of Pub. Health and Welfare*, 411 U.S. 279, 280 (1973). This immunity applies regardless of the relief sought by a party. *Id.*; *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (holding Eleventh Amendment immunity applies "regardless of the relief sought."). The Commonwealth of Pennsylvania, by way of statutory authority, has expressly withheld consent to suit in federal court. 42 Pa. Cons. Stat. Ann. § 8521(b); *Laskaris*, 661 F.2d at 25. Pennsylvania's Eleventh Amendment immunity extends to suits against "arms of the state," i.e., departments or agencies of the State having no existence separate from the State. *Laskaris*, 661 F.2d at 25 (citing *Mt. Healthy Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977)). Article IV of the Constitution of the Commonwealth of Pennsylvania expressly designates the Department of Education as an arm to the Executive

4

Department of the Commonwealth, granting the appointment power of this Department's Secretary to the Governor of Pennsylvania. Pa. Const. art. IV. Pennsylvania's Administrative Code of 1929 underscores this designation, outlining the executive and administrative work of the Commonwealth to be performed by the Department of Education. 71 P.S. § 61; 71 P.S. § 1037.

In this case, Plaintiff's claim is barred by the Eleventh Amendment. Plaintiff's action is against the Pennsylvania Department of Education, an arm of the Executive Department of the Commonwealth. Because the Commonwealth has not consented to suit, it has not waived its immunity pursuant to the Eleventh Amendment.[2]

Moreover, assuming that Plaintiff attempts to state a claim pursuant to 42 U.S.C. § 1983, the United States Supreme Court has determined that Congress did not intend for § 1983 to overcome the sovereign immunity of States as embodied in the Eleventh Amendment. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66-67 (1989). Therefore, States, as well as entities of the State, are not "persons"[3] who can be subject to liability under § 1983.

---

[2] The court has an obligation to ensure that it has subject matter jurisdiction over any controversy before it. *Lance v. Coffman*, 549 U.S. 437, 439 (2007) (citing *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 94-95 (1998)). If, at any time, the court determines that it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3). Here, because the Eleventh Amendment bars Plaintiff's civil action, the Court does not have subject matter jurisdiction to entertain her claim.

[3] Section 1983 of the Civil Rights Act provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

### D. Leave to Amend Complaint Would Be Futile

This Court recognizes that the United States Court of Appeals for the Third Circuit has held that, in civil rights cases, a court must give a plaintiff the opportunity to amend a deficient complaint—regardless of whether the plaintiff requests to do so—when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007). Given this Court's lack of subject matter jurisdiction and the fact that the Defendant is protected by Eleventh Amendment immunity, it would be futile to allow Plaintiff to amend her Complaint.

### III. CONCLUSION

For the reasons set forth above, it is respectfully recommended that Plaintiff's Complaint be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B), as frivolous, for failure to state a claim upon which relief may be granted, and because it seeks monetary relief against a defendant who is immune from such relief.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

---

42 U.S.C. § 1983.

Dated: December 14, 2016

BY THE COURT

s/Lisa Pupo Lenihan
LISA PUPO LENIHAN
United States Magistrate Judge

cc: Rikea Farrow
1320 Halser Pl.
Pittsburgh, PA 15212